# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDERAL INSURANCE COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TERLATO WINE GROUP, LTD.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
1/11/2022 6:01 PM
Clerk of the Napa Superior Court
By: Maricela Bahena, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Napa
825 Brown Street
Napa, California 94559

**CASE NUMBER:**
*(Número del Caso):*
22CV000035

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joel Gumbiner #111586
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Williams & Gumbiner LLP
1010 B Street, Suite 200, San Rafael, CA 94901

Robert E. Fleshman
415-755-1880

DATE: 1/11/2022
*(Fecha)*

Clerk, by Maricela Bahena , Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **FEDERAL INSURANCE COMPANY**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1-25-22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

FILED
1/11/2022 6:01 PM
Clerk of the Napa Superior Court
By: Maricela Bahena, Deputy

Joel Gumbiner (#111586)
WILLIAMS & GUMBINER LLP
1010 B Street, Suite 200
San Rafael, CA 94901
Phone: (415) 755-1880
Joel@insuredlaw.com

Matthew H. Rice (#243752)
SPERLING & SLATER, P.C.
55 W. Monroe, Suite 3200
Chicago, IL 60603
Phone: (312) 641-3200
mrice@sperling-law.com

Attorneys for Plaintiff
Terlato Wine Group, Ltd.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF NAPA

| | |
|---|---|
| TERLATO WINE GROUP, LTD., | Case No. 22CV000035 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| FEDERAL INSURANCE COMPANY, | |
| Defendant. | |

Terlato Wine Group, Ltd. ("Terlato" or "Insured") by and through its undersigned counsel, for its complaint for declaratory relief pursuant to Cal. Code Civ. Proc. § 1060, states:

**PRELIMINARY ALLEGATIONS**

1.  Terlato Wine Group, Ltd.'s Chimney Rock Winery and Rutherford Hill Winery, located in Napa County, suffered property damage and loss of business income as a result of smoke and other combustion byproducts from two separate wildfires: the LNU Complex fire of August 17, 2020 ("LNU Fire") and Glass fire that started on September 27, 2020 (the "Glass Fire"). Terlato's insurance claims for "Trellis or Grape Vines" (Glass Fire) and for "Wine in Process" manufactured during the LNU and Glass Fires are covered losses under Terlato's insurance policy with its insurer, Federal Insurance Company ("Federal").

1
COMPLAINT

2. Defendant Federal issued a "Customarq Series Wineries Insurance Program," Policy No. 3578-19-69 DMO ("Policy") to Terlato in exchange for a significant premium.

3. Terlato made a claim under the Policy for damage caused by the LNU and Glass Fires. Federal has paid certain elements of Terlato's Loss, including payment for "Trellis or Grape Vines" damage as a result of the LNU Fire, but has declined to make payment for "Trellis or Grape Vines" damage caused by the Glass Fire. Further, Federal has disputed its obligation to pay Terlato's losses to wine manufactured during the fires. Federal's position has been that smoke damage did not occur to "Wine in Process," as defined in the Policy and set out herein.

4. Research has established that smoke taint occurs when volatile phenols released through fermentation cause undesirable flavors and smells resulting in wine that tastes or smells smoky, burnt, ashy or medicinal. Smoke taint can occur when wine is made using wine grapes exposed to smoke before, during or after harvest.

5. There is an actual and justiciable controversy concerning whether Terlato's losses due to smoke ("smoke taint") damage are within the coverage provided by the Policy as set out herein.

6. By this action, Terlato seeks a declaration of its rights and Federal's duties under the Policy pursuant to the procedure provided by California Code of Civil Procedure § 1060.

7. Specifically, Terlato requests a declaration that smoke/smoke taint damage to Terlato's "Wine in Process" is covered under the Policy, as that term is defined in the Policy.

8. Terlato also requests a declaration that the LNU Fire and the Glass Fire, for which there is no evidence of causal relation, constituted two separate "Occurrences," as that term is defined in the Policy. To date, Federal has taken the position that the two fires constitute one "Occurrence"; Terlato submits that these are two "Occurrences" for purposes of determining coverage under the Policy.

9. The subject matter of Terlato's requested declarations neither are hypothetical nor abstract, but instead represent an actual and justiciable controversy ripe for resolution.

## PARTIES, JURISDICTION AND VENUE

10. Plaintiff Terlato Wine Group, Limited is a Delaware corporation licensed to do business in California. Terlato is a Named Insured under the Policy.

11. The insured properties are located, and the fires and resulting property damage that are the subject of this disputed insurance claim took place, in Napa County, California.

12. Defendant Federal Insurance Company is an insurer licensed to do business, and insuring the subject properties, in California.

13. This Court has personal jurisdiction over the defendant and subject matter jurisdiction to over this dispute.

14. Venue is proper in this Court under Cal. Code Civ. Proc. § 395.5.

## STATEMENT OF FACTS

15. Terlato purchased the Policy from Federal in exchange for a substantial premium, which has been paid.

16. The Policy, denominated a "Wineries Insurance Program," contains property damage, business interruption, and other coverages. With respect to property damage, the Policy is an "all risks" policy for the period April 1, 2020 to April 1, 2021. The Rutherford Hill and Chimney Rock wineries in Napa County, California are insured properties under the Policy.

17. The Policy covers "direct physical loss or damage" to "building" and/or "personal property, caused by or resulting from a peril not otherwise excluded."

18. Moreover, both "fire" and "smoke" are "perils" expressly covered under the Policy.

19. The Policy covers "direct physical loss or damage" to "trellis or grape vines caused by or resulting from" specified perils.

20. The Policy also covers "business income loss you incur due to the actual impairment of your operations; and extra expense you incur due to the actual or potential impairment of your operations" as a result of property damage resulting from a covered peril.

21. "Trellis or Grape Vines" is defined to mean "growing grapes, grape vines, grape vine supports, or irrigation piping used to service the grape vines."

22. "Wine in Process" is defined to mean "grapes that are harvested; being prepared for fermentation; or in any state of fermentation. 'Wine in Process' does not mean wine which is in its completed state and ready for sale."

23. Damage to Trellis or Grape Vines is subject to a coverage limit per occurrence.

24. An "Occurrence" is defined to mean, "for all other perils [other than earthquake, volcanic eruption, or windstorm]: 1. one event; or 2. a series of causally related events that: a. contribute concurrently to; or b. contribute in any sequence to, the loss or damage."

25. On or around August 17, 2020, the LNU Fire started and damaged the insured property, including damage to "Trellis or Grape Vines" and damage to "Wine in Process."

26. On or around September 27, 2020, the Glass Fire started and damaged the insured property, including damage to "Trellis or Grape Vines" and damage to "Wine in Process."

27. On information and belief, there is no connection between the cause of the LNU Fire and the cause of the Glass Fire.

28. Chimney Rock's and Rutherford Hill's "Trellis or Grape Vines" and "Wine in Process" suffered damage in the LNU Fire and in the Glass Fire.

29. Certain of the grapes exposed to smoke were left on the vine until after the fires and were sold or discarded. The parties are in agreement that these losses are covered by the "Trellis or Grape Vines" coverage in the Policy and Federal made payment for such coverage but only for damage from the LNU Fire, not for such damage from the Glass Fire.

30. In addition, wines manufactured by Terlato during the LNU and Glass Fire and "Wines in Process" suffered smoke/smoke taint damage covered under the Policy.

31. Terlato provided notice of its claim arising from the LNU and Glass Fires.

32. Federal has reserved its right to deny coverage with respect to Terlato's claims concerning smoke taint damage to wine and "Wine in Process."

33. Federal has taken the position that smoke taint damage to grapes and "Wine in Process" is only covered under its "Trellis or Grape Vines" coverage and only as one

"Occurrence" as defined in the Policy. By contrast, Terlato contends the smoke/smoke taint damage to "Wine in Process" as defined in the Policy is covered and that the LNU Fire and Glass Fire constitute two "Occurrences" under the Policy.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

34. Terlato refers to, and incorporates by reference, paragraphs 1-33, inclusive, as though set forth fully in this cause of action.

35. California Code §1060 of Civil Procedure authorizes any person to seek a declaration of rights and duties under a written contract, so long as an actual controversy exists.

36. An actual controversy exists between Plaintiff and Defendant as to whether Defendant is obligated to pay Plaintiff's claims for smoke/smoke taint damage to "Wine in Process" under the terms of the Policy and California law.

37. Plaintiffs is entitled to have this Court decide the respective rights and obligations of Plaintiff and Defendant and to have this Court declare those respective rights and obligations.

38. A judicial declaration is necessary and appropriate so that the parties may ascertain their rights and duties under the Policy. No other adequate or speedy remedy exists for resolution of this controversy.

WHEREFORE, Plaintiff Terlato Wine Group, Ltd. prays for judgment in its favor and against defendant Federal Insurance Company, as hereinafter set forth.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

39. Plaintiff refers to, and incorporates by reference, paragraphs 1-33, inclusive, as though set forth fully in this cause of action.

40. An actual controversy exists between Plaintiff and Defendant as to whether the damage to insured "Trellis or Grape Vines" was caused by one "Occurrence," as Defendant contends, or by two "Occurrences," as Plaintiff contends.

41. Plaintiff is entitled to have this Court interpret the Policy and California Law and decide the respective obligations of Plaintiff and Defendant and to have this Court declare those respective rights and obligations.

42. A judicial declaration is necessary and appropriate so that the parties may ascertain their rights and duties under the Policy. No other adequate or speedy remedy exists for resolution of this controversy.

WHEREFORE, Plaintiff Terlato Wine Group, Ltd. prays for judgment in its favor and against defendant Federal Insurance Company, as hereinafter set forth.

### PRAYER FOR RELIEF

Plaintiff Terlato Wine Group, Ltd. prays for judgment in its favor and against defendant Federal Insurance Company, as follows:

(a) A judgment declaring that defendant Federal Insurance Company has a contractual obligation under the Policy and California law to pay Insured's loss to wine and "Wine in Process" resulting from the LNU and Glass Fires;

(b) A judgment declaring that the LNU Fire and Glass Fire constitute two separate Occurrences under the Policy;

(c) For costs of suit herein; and

(d) For such other and further relief as the Court deems just and proper.

DATED: January 11, 2022

WILLIAMS AND GUMBINER, LLP

/s/ Joel P. Gumbiner

Joel P. Gumbiner

SPERLING & SLATER, P.C.
Mathew H. Rice

Attorneys for Terlato Wine Group, Ltd.

G:\CLIENT DOCUMENTS\Terlato PNC winery\Litigation\2022-01-11 Terlato Complaint.FINAL.docx

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Joel Gumbiner #111586   SBN: Williams & Gumbiner LLP 1010 B Street, Suite 200, San Rafael, CA 94901 | Napa - Civil | FOR COURT USE ONLY |
|---|---|---|
| TELEPHONE NO.: 415-755-1880   FAX NO. *(Optional)*: E-MAIL ADDRESS: Joel@insuredlaw.com ATTORNEY FOR *(Name)*: Terlato Wine Group, Ltd. | | **FILED** 1/11/2022 6:01 PM Clerk of the Napa Superior Court By: Maricela Bahena, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA STREET ADDRESS: 825 Brown Street MAILING ADDRESS: 825 Brown Street CITY AND ZIP CODE: Napa, CA 94559 BRANCH NAME: Historic Courthouse | | |
| CASE NAME: Terlato v. FIC | | |

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: **22CV000035**<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [ ] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Two
5. This case [ ] is [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 11, 2022
Joel Gumbiner #111586
(TYPE OR PRINT NAME)                                                              ▶  /s/ *(signature)*
                                                                                     (SIGNATURE OF PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (not asbestos or toxic/environmental) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (not medical or legal)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  - Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (not provisionally complex) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (non- domestic relations)
  - Sister State Judgment
  - Administrative Agency Award (not unpaid taxes)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (not specified above) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (non- harassment)
  - Mechanics Lien
  - Other Commercial Complaint Case (non-tort/non-complex)
  - Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (not specified above) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF NAPA
825 Brown Street, Napa, CA 94559

## Notice of Case Management Conference

**Case #: 22CV000035**     Terlato Wine Group, Ltd. vs Federal Insurance Company

A Case Management Conference has been scheduled in this matter pursuant to California Rule of Court 3.221.

**Date: 06/21/2022**     **Time: 8:30 AM**     **Room: Courtroom B**

The plaintiff/petitioner must include a copy of this notice with the complaint when serving the defendant/respondent. Cross complainants must serve a copy of this notice on any new parties named to the action. (Civil only)

To learn more about the types and benefits of Alternative Dispute Resolution (ADR), and whether it may be appropriate for your case, please access the California Courts website at
http://www.courts.ca.gov/programs-adr.htm.

This site also contains Judicial Council forms applicable to ADR.

### CERTIFICATE OF ELECTRONIC DELIVERY

This notice was delivered via eMail to:   vfedoroff@williamsgumbiner.com

Napa Court is equipped to handle remote appearances. With proper notice to all parties, you may be allowed to appear remotely. See CCP section 367.75. Zoom meeting links and participant information can be found at www.napacourt.com/remote. When appearing via video, court hearings should be treated the same as if you are appearing in Court. Please contact the court with any questions 707-299-1100.



## CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

# Alternative Dispute Resolution (ADR)

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. Learn more about the types of ADR processes that are available and the political benefits of using ADR by clicking on the links below.
-

## ADR Types & Benefits

#### Types of ADR
Mediation, arbitration, settlement conferences, neutral evaluation, learn more about the most common types of ADR for civil cases, and watch videos demonstrating these processes.

#### Benefits of ADR
Using ADR may have a variety of benefits, depending on the type of ADR and the circumstances of the particular case. learn more about the benefits of ADR

> Video
>
> 
>
> Mediation is a form of alternative dispute resolution (ADR) and is a way of resolving disputes between two or more parties. READ MORE »

## Reports & Resources

#### For Civil Cases

- Alternative Dispute Resolution (ADR) in Civil Cases (August 1999)
- Evaluation of the Early Mediation Pilot Programs (February 2004)

#### For Family & Juvenile Cases

- Report 1: Overview: Families, Cases, and Client Feedback

- Report 2: Client Evaluations of Mediation Services: Perspectives of Mothers and Fathers (1994)
- Report 3: Client Evaluations of Mediation Services: The Impact of Case Characteristics and Mediation Service Models (January 1994)